In re Joseph D. HOBSON and Cassandra Hobson, Debtors.

Joseph D. HOBSON and Cassandra Hobson, Plaintiffs,

v.

RICH'S EMPLOYEES CREDIT UNION, Defendant.

Bankruptcy No. 8100117A.
Civ. A. No. 810452A.

United States Bankruptcy Court, N. D. Georgia.

May 5, 1981.

Linwood R. Slayton, Jr., Atlanta, Ga., for plaintiff.

M. W. Cornett, Jr., Atlanta, Ga., for defendant.

### ORDER OF COURT

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Pursuant to due notice to all parties, this case came on for hearing before this Court on April 20, 1981, and after consideration of the record in the case, the documentary evidence and the argument of counsel, this Court adopts the following

### Findings of Fact

On February 22, 1980, the defendant, Rich's Employees Credit Union, made a loan to the plaintiffs, Joseph D. Hobson and Cassandra R. Hobson, for a principal sum of $2,665.55. This loan was evidenced by a promissory note, which contained language indicating a security interest was to be taken in numerous described articles of household goods and appliances belonging to the debtors. In addition to the household goods, a separate entry was included describing as security a "French Provincial style Kroeher-Campbell piano," which was valued by agreement of the parties at $2,000.00.

Contemporaneously with execution of the promissory note, the plaintiff debtors executed a separate security agreement, which described as collateral only the piano; none of the other good referred to in the note were included within the security agreement. The defendant's security interest was duly perfected by filing a financing statement in the Superior Court of DeKalb County, which was recorded by the Clerk of that Court on March 21, 1980.

On January 9, 1981 the debtors filed a petition in this Court for relief under Chapter 7 of the Bankruptcy Code, and an Order for Relief was duly entered thereon.

Thereafter, on March 17, 1981 the debtors filed a complaint to avoid the defendant's lien, pursuant to the provisions of 11 U.S.C. § 522(b), alleging therein that the balance due on the loan obtained by them was $2,500; that the lien covered their furniture; that the debtors interest in the property subject to the lien did not exceed the maximum allowable amount under 11 U.S.C. § 522(d); that the security interest was not for purchase money; and, that it impaired an exemption allowable under 11 U.S.C. § 522. To this complaint, the defendant filed an answer and counterclaim, contending that the balance due on the note was actually $2,215.73; that the security agreement embraced only the piano; that the reasonable value thereof was $2,000.00; and that such piano was subject to a maximum individual exemption of $200.00. In its counterclaim, the defendant sought an order of this Court permitting it to proceed to enforce its security interest.

None of the material facts are in dispute; although the plaintiff admitted a debt of $2,500.00, only $2,215.73 was claimed as due under the note by the defendant; there was no evidence to refute the defendant's contention that said sum was secured by a security interest in the piano only; and, by agreement of the parties, the reasonable value of the security is $2,000.00. Counsel for the defendant stated in open Court that no security interest was claimed in the other items of household furniture described in the promissory note, and no question was presented to the Court for decision as to such other articles.

Based upon these findings, this Court makes the following

*Conclusions of Law*

Under 11 U.S.C. § 522(d)(3), Congress has provided that the exemption to which a debtor is entitled is

The debtor's interest, not to exceed $200. in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments ...

The collateral involved in the case before the Court is a piano, which the Court concludes is a musical instrument within the meaning of this section, and Congress has limited the exemption therein available to $200. The lien avoidance remedy established under 11 U.S.C. § 522(f)(2)(A) extends only to the debtors' available exemption in the collateral. As the value of the collateral is $2,000.00, the defendant creditor's lien is, and the Court so holds, valid to the extent of the excess.

No proceeding for redemption was filed under 11 U.S.C. § 722, and the defendant's underlying debt has been discharged. However, since the lien is not avoidable, no basis appears for denying the right of the creditor to enforce its security interest in the collateral, so long as no action or proceeding is commenced seeking to impose personal liability upon the debtors. 11 U.S.C. § 524(a)(2).

### JUDGMENT

WHEREUPON, it is

CONSIDERED, ORDERED AND ADJUDGED that the debtors' complaint to avoid the creditor's lien be, and it hereby is, DENIED, and the counterclaim of the creditor, insofar as it seeks to enforce its security interest against the collateral only, is hereby GRANTED provided, however, no action shall be commenced to impose any personal liability upon the debtors; and relief is hereby granted from the automatic stay previously entered, pursuant to the provisions of 11 U.S.C. §. 362(d).